IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:20-CR-00065 |
| v. | (Chief Judge Brann) |
| LORENZO SCOTT, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 16, 2024**

## I.  BACKGROUND

While imprisoned at USP Lewisburg, it is alleged that Lorenzo Scott violently assaulted a fellow inmate, Larry McCoullum, resulting in McCoullum's death over two years later.[1] Scott was charged accordingly in an Indictment on March 3, 2020 with the following Counts: (1) murder in violation of 18 U.S.C. § 1111; (2) assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1); and (3) assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).[2] The Government dismissed Count 1 of the Indictment on August 23, 2023.[3]

---

[1]  Indictment, Doc. 1.
[2]  *Id.*
[3]  Mot. to Dismiss, Doc. 124; Ord. Granting Mot., Doc. 125.

With the murder charge off the table, Scott now seeks to preclude the Government from introducing evidence that McCoullum died.[4] The Government opposes Scott's Motion, which is briefed and ripe for disposition.[5]

## II.   DISCUSSION

Before addressing the arguments of the parties, the Court clarifies the evidence at issue. Scott suggests that the evidence the Government intends to introduce "could include an autopsy report, photographs of Mr. McCoullum in a vegetative state, a death certificate and testimonial evidence by medical professionals who treated Mr. McCoullum for the two years before his death."[6] The Government clarifies that:

> The Government intends to put on only one witness regarding the death: Dr. Craig Nelson, the pathologist who conducted the autopsy of McCoullum and signed the death certificate. The Government seeks to elicit testimony from Dr. Nelson regarding his autopsy report and death certificate simply note McCoullum's death and its cause. There is a line in the autopsy report on page 5 that says the 'manner of death is classified as homicide,' which the Government will redact. Similarly, there is a box checked 'homicide' on the death certificate, which the Government will redact.[7]

---

[4] Mot. in *Limine*, Doc. 140.
[5] Br. in Supp. ("BIS"), Doc. 141; Br. in Opp. ("BIO"), Doc. 144. After discussing the issue with the parties during a pre-trial conference held on January 4, 2024, the Court directed Scott to file his Motion by January 8, 2024 and set a deadline for the Government's opposition of January 16, 2024. Jan. 8, 2024 Ord., Doc. 143. Trial is scheduled to begin on February 5, 2024.
[6] BIS 1.
[7] BIO 6 n.1. The Government has filed as exhibits copies of the report and death certificate. Docs. 144-1, 144-2.

This Court confronted a substantially similar issue in *United States v. Smith*,[8] where an inmate facing the same charges resulting from an alleged assault of another inmate sought to preclude the Government from introducing evidence of the death of the victim. In that case, Smith argued that evidence of the victim's death was irrelevant or unduly prejudicial because that death was not caused by the assault, but by the Bureau of Prisons and hospital negligence.[9] The Court permitted the Government to introduce "the bare fact" of the victim's death on the grounds that it "(1) affords the jury evidence that is tightly linked with the elements of the assault charge against Smith; (2) allows the Government to "complete the story" of Smith's alleged assault of [the victim], and (3) allows the Government to account for [the victim's] unavailability to testify."[10]

Here, Scott avers that McCoullum's death is irrelevant to either of the pending assault charges.[11] The Court disagrees. Federal Rule of Evidence 401 provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Evidence showing that McCoullum suffered fatal injuries as a result of

---

[8] No. 4:18-CR-285, 2020 WL 1081522 (M.D. Pa. Mar. 6, 2020)
[9] *Id.* at *2.
[10] *Id.* (citing *United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010); *United States v. Vretta*, 790 F.2d 651, 656 (7th Cir. 1986) as to "completing the story"; *United States v. Cruz-Kuilan*, 75 F.3d 59, 61 (1st Cir. 1996) regarding whether evidence is "tightly linked").
[11] BIS 4-5.

the alleged assault plainly makes it more probable that Scott intended to inflict such injuries.

The Court is also not persuaded by Scott's argument that the Government should be limited to the "preferable 'alternative evidentiary avenues' available" to prove the elements of the charged crimes.[12] That Scott finds certain alternative evidentiary avenues preferable does not make them so. As the Government observes, arguing that Scott intended to kill McCoullum as shown by McCoullum's severe injuries is a different matter than arguing that Scott intended to kill McCoullum as shown by McCoullum having, in fact, died as a result.[13] Nor are Scott's own statements, which he will presumably argue at trial do not in fact confirm that he intended to kill McCoullum, a preferable alternative.

The Court will also permit the Government to introduce testimony regarding whether McCoullum's death was caused by injuries he suffered because of the alleged assault. Unlike in *Smith*, there does not appear to be a *bona fide* dispute that McCoullum died from injuries suffered during the alleged assault. To the extent that he does dispute as much, he may certainly pursue that argument on cross examination.

---

[12] BIS 5 (citing *Henderson v. George Washington Univ.*, 449 F.3d 127, 137 (D.C. Cir. 2006) (citing *Old Chief v. United States*, 519 U.S. 172, 182-85 (1997)).
[13] BIO 8-9.

Scott also suggests that, even if the evidence of McCoullum's death is probative, it is unduly prejudicial.[14] On the contrary, to the extent that the evidence is prejudicial, it is because it is highly probative. Arguing that "[t]he circumstances of Mr. McCoullum's slow and lingering death would play on the jury's emotions," Scott effectively suggests that evidence of injuries caused by violent assaults should only be considered if the victim did not suffer too macabre a fate. Further, a limiting instruction to the jury that it may only consider McCoullum's death as it relates to the elements of the crimes at issue will suffice to mitigate the danger of unfair prejudice.[15]

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Lorenzo Scott's Motion in *Limine* (Doc. 140) is **DENIED**. The Government may introduce evidence relating to McCoullum's death consistent with its proffered testimony as described above.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] BIS at 5-6 (citing Fed. R. Evid. 403).
[15] *United States v. Womack*, 55 F.4th 219, 235-36 (3d Cir. 2022); *see also Smith*, 2020 WL 1081522, at *4 (noting that the Court "will issue a limiting instruction that explains to the jury that Smith has not been charged with causing [the victim's] death").