**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | No. 4:20-CR-00065 |
| v. | | (Chief Judge Brann) |
| LORENZO SCOTT, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

**FEBRUARY 5, 2024**

## I.    BACKGROUND

While imprisoned at USP Lewisburg, it is alleged that Lorenzo Scott violently assaulted a fellow inmate, Larry McCoullum, resulting in McCoullum's death over two years later.[1] Scott was charged accordingly in an Indictment on March 3, 2020 with the following Counts: (1) murder in violation of 18 U.S.C. § 1111; (2) assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1); and (3) assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).[2] The Government dismissed Count 1 of the Indictment on August 23, 2023.[3]

During a pretrial conference held on January 4, 2024, Scott and the Government discussed certain evidentiary issues, including the admissibility of evidence of McCoullum's death and testimony regarding Scott's alleged

---

[1]    Indictment, Doc. 1.
[2]    *Id.*
[3]    Mot. to Dismiss, Doc. 124; Ord. Granting Mot., Doc. 125.

psychiatric issues. As to the former, the Court directed the parties to brief the issue, which the Court resolved in the Government's favor.[4] Regarding Scott's mental health issues, the Government understood that Scott, though he intended to testify in his defense, did not intend to raise a defense of mental disease or defect.

On February 1, 2024, the Government filed a Motion *in Limine* to Preclude Defendant's Lay Psychiatric Testimony.[5] The Government asserts that it was informed by Scott, "just days before trial, of [his] intent to take the stand in his defense and claim he would not have committed the instant assault if the BOP had given him medication for his alleged psychiatric issues."[6] On February 2, 2024, Scott opposed the Government's Motion.[7] Trial begins today, February 5, 2024.

## II.    DISCUSSION

Under the Insanity Defense Reform Act of 1984,[8] apart from the affirmative defense of insanity, "[m]ental disease or defect does not otherwise constitute a defense."[9] IDRA "was intended to 'preclude defenses akin to partially diminished capacity or diminished responsibility.'"[10] However, it does not preclude the evidence that may show that a defendant lacked *mens rea*.[11] Evidence "regarding a

---

[4]   Jan. 16, 2024 Mem. Op. and Ord., Doc. 145.
[5]   Mot., Doc. 148.
[6]   *Id.* ¶ 2.
[7]   Opp'n., Doc. 150.
[8]   18 U.S.C. § 17.
[9]   *U.S. v. Wall*, 593 F. App'x 128, 130 (3d Cir. 2014).
[10]  *Id.* (quoting *United States v. Pohlot,* 827 F.2d 889, 903 (3d Cir.1987)).
[11]  *Id.* at 131 (citing *Pohlot*, 827 F.2d at 905).

defendant's mental condition can still be used in appropriate circumstances to disprove specific intent for specific intent crimes."[12]

Scott has not filed a Rule 12.2 Notice of an Insanity Defense and maintains that he is not raising such a defense. He emphasizes that he does not intend to negate the *mens rea* element of Count II. Instead, he says that he intends to testify that "whenever he was on prescribed medications, he did not experience the thoughts and feelings that led him to intentionally take Mr. McCoullum's life."[13]

IDRA and Third Circuit precedent foreclose the admissibility of Scott's proffered testimony. "[A] man who commits murder because he feels compelled by demons still possesses the *mens rea* required for murder."[14] That Scott only felt compelled to kill McCoullum because he was not properly medicated is irrelevant.

The Court emphasizes that this ruling does not preclude Scott from testifying in his defense. He may testify about the circumstances leading up to and during the alleged assault. However, the right to testify in one's defense "is not without limit."[15] Scott "does not have an unfettered right to offer testimony that is . . . inadmissible under standard rules of evidence."[16] Because it is no defense that Scott only possessed the intent to kill McCoullum because he was not taking

---

[12] *U.S. v. Worrell*, 313 F.3d 867, 873 (4th Cir. 2002) (collecting cases).
[13] Opp'n. 2.
[14] *Pohlot*, 827 F.2d at 900.
[15] *Jones v. Davis*, 8 F.4th 1027, 1036 (9th Cir. 2021).
[16] *Id.* (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)).

prescribed medication, such testimony is irrelevant, and would only serve to confuse the jury.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Government's Motion *in Limine* to Preclude Defendant's Lay Psychiatric Testimony (Doc. 148) is **GRANTED**.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge